IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONAL R. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 1:23-00202-JB-N |
| | ) |
| SHERIFF HEATH JACKSON, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENNDATION**

Plaintiff Donal R. Edwards, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Edwards subsequently filed a motion to proceed without prepayment of fees, or *in forma pauperis*. (Doc. 4). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Upon review of Edwards's complaint, the undersigned finds that that the relief sought is not cognizable in a § 1983 action and is only available through a petition for habeas corpus. Furthermore, the allegations asserted are related or identical to those plead in civil action number 22-260-JB-N, *Edwards v. Hetrick,* Edwards's habeas petition which is currently pending in this Court. For this reason, the undersigned recommends that this complaint be docketed in case number 22-260-JB-N, and the asserted allegations reviewed as part of Edwards's habeas petition.

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a)

"is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quotation omitted). "District court judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1169 (quotations omitted). When determining whether to consolidate, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Here, the instant complaint challenges the validity of his current pretrial detention, with claims that he has been wrongfully imprisoned on false charges for a second time, harassed, denied a speedy trial, and denied a reasonable bond. (Doc. 1). First, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). Second, even to the extent Edwards's complaint doesn't challenge "the fact or duration of his confinement," it is well settled under *Heck v. Humphrey* that when a criminal defendant brings suit under § 1983 challenging his prosecution and detention, it must be determined whether a judgment in his favor would necessarily imply the invalidity of the underlying criminal

proceedings and detention. 512 U.S. 477, 478, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Here, it would. Thus, Edwards's § 1983 claims are barred unless he can prove that the underlying prosecution and conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87. Because Edwards's criminal prosecution and detention are still pending, his claims for monetary damages are barred by *Heck*. Thus, to continue these duplicative claims in two actions is inefficient, wasting both judicial resources and Edwards's time and money (as his § 1983 action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

As previously discussed, the presented claims are identical and/or related to those challenged in Edwards's § 2241 habeas petition docketed as case number 22-260-JB-N, currently pending in this Court. The undersigned submits that the best course of action is to docket the instant complaint in case number 22-260-JB-N, so the factual allegations may be considered in Edwards's pending habeas petition, where the relief sought is proper.

Accordingly, the undersigned recommends that the Court dismiss the current § 1983 action, 23-202-JB-N, making Moot Edwards's Motion to Proceed Without Prepayment of Fees (Doc. 4), and file a copy of the instant complaint in case number 22-260-JB-N, where Edwards's claims may be considered by the Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **28th** day of **August 2023**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**